[No. 3716.   Decided February 19, 1901.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM

DE PAOLI, *Appellant*.

CRIMINAL LAW — MISDEMEANOR — PROSECUTION BY INFORMATION —
GROUNDS FOR.

The rule governing in case of prosecutions by information for felony, that the information need not allege the grounds justifying procedure in that form rather than by indictment, but that defendant must urge objections because of the absence of grounds for the filing of an information prior to his plea thereto, is applicable also in prosecutions for misdemeanor by information.

SAME — SELLING LIQUOR TO MINOR — SUFFICIENCY OF INFORMATION.

An information which charges that defendant "did wilfully, unlawfully and knowingly sell and give intoxicating liquor," to a minor, sufficiently charges that defendant had knowledge of the minority of the purchaser, and the word "knowingly" is not referable to the act of selling the liquor alone, but imports knowledge of the thing done as well as an evil intent or bad purpose in doing such thing.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.   Affirmed.

*Fred H. Peterson,* for appellant:

Whenever a particular knowledge is essential to the constitution of an offense, it must be alleged, and it must be alleged in every material part of the description where it so constitutes it.   Clark, Criminal Procedure, p. 192. The question of knowledge is the essential point in a prosecution of this sort and it should have been alleged that said appellant then and there knew said Sweeney to be a minor.   *Fielding v. State,* 52 S. W. 69; *Commonwealth v. Boynton,* 12 Cush. 449; *United States v. Slenker,* 32 Fed. 691; *United States v. Carll,* 105 U. S. 611

(26 L. ed. 1135); *Commonwealth v. Young,* 15 Grat. 664; *State v. Freeman,* 6 Blackf. 248. There are many cases where the same question has been passed upon where the offense of "knowingly" uttering a forged instrument was charged. *Gates v. State,* 16 South. 342; *Powers v. State,* 87 Ind. 97; *People v. Smith,* 37 Pac. 516; *People v. Mitchell,* 28 Pac. 597.

Upon the point that the indictment would be insufficient, though following the language of the statute, unless it alleges knowledge, counsel cites *Commonwealth v. Filburn,* 119 Mass. 297; *State v. Henderson,* 15 Wash. 598; *United States v. Thomas,* 69 Fed. 588; Bishop, Statutory Crimes (2d ed.), p. 578.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was charged with the offense of selling liquor to a minor, was convicted, and from the judgment of conviction this appeal is taken. There are two assignments: First, that the court erred in denying the motion to quash the information because no preliminary examination had been had, nor any reason alleged or shown why the same was omitted; second, that the court erred in refusing to grant appellant's motion in arrest of judgment on the ground that the information did not state facts sufficient to constitute a crime or offense. It is alleged by the appellant that the information should have been quashed because no preliminary examination had been held, and it is stated in appellant's brief that it was admitted in open court that such was the fact and that there was no reason why a preliminary examination should not have been had. It is a sufficient answer to this objection that the record does not disclose the admission of the fact, or whether or not a grand jury was in session. The rule which this court has applied to in-

formations for felony in this respect should apply to informations for misdemeanors.

The second contention is that the information did not state facts sufficient to constitute a crime or offense. The information, as far as material, was in the following language:

"William De Paoli is hereby accused . . . of the crime of selling intoxicating liquor to a minor, committed as follows, to-wit: He, the said William De Paoli, in the county of King, state of Washington, on the 20th day of May, 1900, did wilfully, unlawfully, and knowingly sell and give to one Thomas Sweeney intoxicating liquor, commonly called whisky, without the written consent or permission of either of the parents of the said Thomas Sweeney; the said Thomas Sweeney then and there being a minor of the age of seventeen years."

It is insisted that the word "knowingly" applies simply to the words "sell and give," and that appellant is not charged which knowledge of the fact that Thomas Sweeney was a minor, but is charged only with knowledge of the fact that he sold intoxicating liquors to Thomas Sweeney. We think this contention is hypercritical. There are some cases that seem to sustain this view, but a much broader and more sensible construction, in our opinion, is placed upon statutes of this kind by the United States supreme court in *Rosen v. United States,* 161 U. S. 29 (16 Sup. Ct. 434). There, under a statute which prevented the depositing in the postoffice of the city of New York of obscene literature, Rosen was indicted under the following phraseology: "Did unlawfully, wilfully, and knowingly deposit and cause to be deposited in the postoffice of the city of New York, for mailing and delivery by the postoffice establishment of the United States, a certain obscene, lewd and lascivious paper," etc.; and the defendant there, as here, moved in arrest of

judgment upon the ground that the indictment did not charge that Rosen knew at the time that the contents of the letter were obscene, etc., but that the word "knowingly" applied only to the fact of depositing the letter in the postoffice. Justice HARLAN, in delivering the opinion of the court, in response to this contention made the following sensible observation:

"Of course he did not understand the government as claiming that the mere depositing in the postoffice of an obscene, lewd and lascivious paper was an offense under the statute, if the person so depositing it had neither knowledge nor notice, at the time, of its character or contents. He must have understood from the words of the indictment that the government imputed to him knowledge or notice of the contents of the paper so deposited. In their ordinary acceptation, the words 'unlawfully, wilfully, and knowingly' when applied to an act or thing done, import knowledge of the act or thing so done, as well as an evil intent or bad purpose in doing such thing; and when used in an indictment in connection with the charge of having deposited in the mails an obscene, lewd, and lascivious paper, contrary to the statute in such case made and provided, could not have been construed as applying to the mere depositing in the mail of a paper the contents of which at the time were wholly unknown to the person depositing it."

This case was followed and approved by the same court in *Price v. United States*, 165 U. S. 311 (17 Sup. Ct. 366), and is in harmony with modern decision and the spirit of the Code. It would be idle to say that, under the language used in this information, the defendant did not know that he was charged with selling liquor to a minor, knowing him to be a minor. "Knowingly" cannot possibly refer to the sale; for, of course, any conscious and sane man who sells liquor knows that he sells it. Again, this information is as strong as the statute and is in

the language of the statute, the statute being, "Every person who shall knowingly sell or give to a minor intoxicating or spirituous liquor," etc., and it is not to be presumed that the legislature intended to provide a punishment for a person who should knowingly sell liquor to a minor, not being cognizant of the fact that such person was a minor. But, placing the same construction upon the statute that appellant seeks to place upon the information, the appellant is guilty in any event; for he is charged with knowingly selling liquor to a minor, and that charge meets the requirements of the statute. But such construction is an unreasonable one when applied to either the statute or the information. The information is sufficient, and the judgment is affirmed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.