[No. 17055.  Department One.  October 20, 1922.]

## THE STATE OF WASHINGTON, *Respondent*, v. EMMETT JEWETT *et al., Appellants.*[1]

CRIMINAL LAW (45)—FORMER JEOPARDY—EFFECT OF PROCEEDINGS BEFORE JEOPARDY ATTACHES—PRELIMINARY COMPLAINT. A complaint in justice court charging grand larceny, on which no preliminary hearing was had, does not prevent the filing of information in the superior court for the same offense, and can not be set up as former jeopardy, as the preliminary complaint is superseded by the information.

CRIMINAL LAW (196)—TRIAL—FURNISHING BILL OF PARTICULARS— DISCRETION OF COURT. It is discretionary to require the state to furnish accused a bill of particulars; and it is not an abuse of discretion to deny it where the information is full and complete and furnishes accused with necessary details.

SAME (451)—APPEAL—HARMLESS ERROR — CONDUCT OF COUNSEL. The remark of the prosecuting attorney, in answer to a thrust as to his duties, that he would "get every bootlegger and cattle thief" in the county if he could, is not ground for reversal, in the absence of a showing that it was prejudicial, the accused not being charged with either offense.

LARCENY (28)—EVIDENCE—SUFFICIENCY. There is sufficient evidence to sustain a conviction of the larceny of hides, where one of the hides sold by the defendants was identified as one of the hides stolen, notwithstanding strong proof by the defendants that they had purchased elsewhere the hides sold by them, the question of guilt being for the jury.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered August 17, 1920, upon a trial and conviction of larceny. Affirmed.

*Shrauger & Henderson,* for appellants.

*W. L. Brickey* and *W. H. Hodge,* for respondent.

BRIDGES, J.—The information charged that the defendants "did, wilfully, unlawfully and feloniously and with intent to deprive and defraud the owner thereof,

[1]Reported in 209 Pac. 1076.

take, steal and carry away . . . four (4) beef hides, four (4) calf hides and two (2) kip hides, the property of one Joe Just, and of the value of more than twenty-five dollars, . . . .'' From a judgment of sentence based upon a verdict of guilty, the defendants have appealed.

It appears that a criminal complaint was filed in the justice's court of the county where the crime is alleged to have been committed, and that thereunder the appellants were placed under arrest for the purpose of having a preliminary hearing to determine whether they should be bound over to the superior court for trial; that thereafter the prosecuting attorney filed the information involved here, and, at the time the case was called for trial, the complaint in the justice's court had not been dismissed and the appellants had not been given any preliminary hearing. Based upon this situation, the appellants contend that the court erred in proceeding to trial upon the information. Our statutes provide that all public offenses may be prosecuted in the superior courts by information filed by the prosecuting attorney. The criminal complaint charged a felony and the justice of the peace could only sit as a committing magistrate. The defense of former jeopardy could not grow out of such a proceeding. We have held that a preliminary hearing is not essential to the filing of an information. *State v. McGilvery*, 20 Wash. 240, 55 Pac. 115; *State v. DePaoli*, 24 Wash. 71, 63 Pac. 1102. Such being the case, the information may be filed after arrest, before a committing magistrate, but before a hearing there. The filing of the information in effect supersedes the proceeding before the magistrate. The court did not commit any error in this respect.

The next assignment of error is that the court proceeded to the trial of the case without requiring the

state to furnish a bill of particulars as demanded by the appellants. This was a matter within the discretion of the court. In the case of *State v. Bogardus,* 36 Wash. 297, 78 Pac. 942, we said:

"The application for a bill of particulars is likewise without sanction in the statutes relating to criminal procedure. While statutes governing the civil procedure require that the courts may require a bill of particulars to be furnished in particular cases, yet this practice is not made applicable to criminal procedure, and, if the power rests in the courts at all when exercising jurisdiction in criminal cases, it must be found among its inherent powers. But whether or not the power does rest within the court, it is not necessary here to determine; for, conceding that it does, it is a discretionary power, and the refusal of the court to exercise it can be reviewed only for abuse of discretion, and we find no such abuse in the present record."

The information here was very full and complete and furnished the appellants with such detailed information as that we cannot say the court abused its discretion in refusing to require the state to furnish a bill of particulars.

During the cross-examination of one of the state's witnesses, the attorney for the appellants, addressing himself to the prosecuting attorney, said: "It is your duty to try to get the facts out, even if favorable to the defendants. It is your duty to bring out the facts, not simply to get convictions regardless of the facts." To which the prosecuting attorney answered: "I will get every bootlegger and cattle thief in Skagit county, if I can. It is my business." The appellants now set up error on this account. While the remark of the prosecuting attorney is not to be commended, yet we cannot see how it could in any wise prejudice the appellants. They were not charged with being cattle thieves or bootleggers. The remark was in answer to a thrust

by the attorney of the appellants and the jury could not help but so understand it. Courts of appeal cannot reverse cases simply because of improper or inappropriate remarks made by attorneys in the case. Before we would be justified in so doing, we must be reasonably satisfied that such remarks were prejudicial to the interests of the defense.

The chief argument made by the appellants for reversal is that the verdict of the jury was wrong and that there was not sufficient evidence to sustain it. We have been asked to read the testimony as it appears in the statement of facts. This we have done. It appears that Mr. Just had stolen from his slaughterhouse four beef hides, four calf hides and two kip hides. Within a day or two after this theft, the appellants took some hides to the city of Bellingham and there sold them, and the state claims that a part of the hides thus sold by the appellants were those which had been stolen. As part of their defense, the appellants undertook to prove an alibi, and also that the hides which they sold in Bellingham had been bought by them at various places. It must be admitted that they presented strong testimony in support of these defenses. On the other hand, the state introduced testimony to show that, among the hides stolen, was a kip hide which was particularly and peculiarly marked; that all of the hides which the appellants had sold at Bellingham had been at once shipped east, and that, at the instigation of the sheriff, one of the kip hides was returned and it was introduced in evidence in this case. This kip hide was positively identified by several of the witnesses as one of the hides which appellants had sold in Bellingham and as one which had been stolen from Mr. Just. This furnished ample testimony to sustain the verdict. The facts in a case of this character are for the jury and not for the court. It is true

the state did not positively identify any other hide sold by appellants as being one which had been stolen. But all those sold had been at once shipped east and only the kip hide offered in evidence had been returned or again seen by any of the witnesses. But if the jury had a right to believe that appellants took the kip hide, it also had a right to believe that they took the other hides, because it was shown that they were all taken at the same time.

There was proof of guilt; the jury resolved that proof against appellants; the trial court refused to grant a new trial. Under these circumstances it is our duty to affirm the judgment, and it is so ordered.

PARKER, C. J., TOLMAN, FULLERTON, and MITCHELL, JJ., concur.