[No. 39681.   Department One.   February 29,1968.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN CARL SUMMERS, *Appellant*.*

*Ralph Llewellyn Jones*, for appellant (appointed counsel for appeal).

*Arthur R. Eggers* and *Albert J. Golden*, for respondent.

*Reported in 437 P.2d 907.

EVANS, J.†—The appellant, Summers, appeals from a judgment and sentence based upon the verdict of a jury finding him guilty of attempting to escape from the Washington State Penitentiary while under sentence for a felony.

After the parties had announced themselves ready for trial, and prior to voir dire examination of the jury, counsel for appellant moved the court to dismiss all jurors who had served earlier in the same week on a case similar to the present one and had returned a verdict of guilty. This motion was denied.

After the jury was selected and sworn, counsel for appellant moved the court to dismiss four jurors then in the jury box who had served in the prior case. The court also denied this motion.

The denial of these motions constitutes appellant's first assignment of error.

■ RCW 4.44.180 provides that a challenge for implied bias may be taken for certain enumerated causes "and not otherwise." Having previously served on a similar case is not one of the enumerated causes.

The present case involves an attempted escape by the appellant Summers with an inmate named Ostiguy on January 24, 1967. The previous case involved an attempted escape by a defendant named Persinger with an inmate named Moses on March 17, 1967. Other than that both cases involved attempted escapes from the same penitentiary, there is nothing to relate them one to the other.

As stated in *State v. Van Waters,* 36 Wash. 358, 78 Pac. 897 (1904):

> There are cases which hold that a person who has sat as juror on the trial of a defendant is disqualified to sit on the trial of his codefendant. The rule is founded on the principle that the second trial is but a retrial of the same offense, and that a juror who has heard and rendered a verdict in the first trial must necessarily have an opinion as to the guilt or innocence of the accused. But no such

---

†Judge Evans is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

condition appears in the case before us. These were two distinct and separate crimes, committed at different times, having no relation, one with the other, save that they were of the same character and were committed on the same person. A juror who had been convinced of the guilt of the defendant in the first, could not, from that fact alone, have any knowledge or opinion as to the guilt or innocence of the defendant in the second, and, of course, would not be disqualified for that reason. (p. 363)

The same reasoning applies to the facts in the present case. We find no merit to appellant's first assignment of error.

Appellant assigns as error the court's instruction No. 16-A, which reads as follows:

The credibility of a witness may be impeached by evidence that the witness has been convicted of a criminal offense. You are instructed that such evidence may be considered by you as it may have a bearing on the weight to be given to his testimony and for no other purpose.

This instruction is in harmony with RCW 10.52.030, which provides as follows:

Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony . . . .

■ The record discloses that instruction No. 16-A was added by the court without request by either party during the reading of the instructions to the jury. After the jury retired to deliberate, appellant's counsel objected to instruction No. 16-A, claiming that it unduly questioned the credibility of the two witnesses for the defense—defendant Summers and the witness Ostiguy. At that time the court stated that the instruction was given for the benefit of the defendant, but offered to call the jury back and remove it. Defense counsel, being of the opinion that this would merely emphasize the instruction, stated that he did not wish to have it withdrawn.

We find no merit to the appellant's contention that he was prejudiced by this instruction. We agree with the trial

court that the purpose and effect of instruction No. 16-A is to minimize the damaging effect of properly admitted evidence of prior convictions of a witness by explaining to the jury the limited purpose of that evidence.

The judgment is affirmed.

FINLEY, C. J., WEAVER, NEILL, and McGOVERN, JJ., concur.