[No. 41961.    Department Two.    August 5, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL KENNETH PASSAFERO, *Appellant.*

*David L. Scott,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Byron H. Ward, Deputy,* for respondent.

WRIGHT, J.—On October 30, 1969, the money and a coin

box were missing from a cigarette machine located in the Lowell Haynes Union 76 Service Station on Bothell Way in King County. Defendant had been in the station and had attempted to make a purchase from the machine. He either had trouble or pretended to have trouble with the machine and pounded vigorously thereon. The station attendant, Gary Dale, got a key, opened the machine in the presence of appellant and delivered a package of cigarettes to appellant. The coin box was then in its proper place. Mr. Dale believed the trouble was caused by appellant's trying to use Canadian money in the machine.

Soon thereafter, defendant asked for more change and upon receiving it, returned to the machine and did more pounding. He then left the station.

Somewhere between 5 and 15 minutes after defendant left, Mr. Dale went into the men's rest room and saw some money on the floor. He picked up the change, counted it (90 cents) and became concerned about the cigarette machine. Upon checking the machine, he found the coin box missing.

Immediately the police and the owner of the station were called. During investigation, the coin box was found in the men's rest room, in the wastepaper basket under used paper towels. Appellant's fingerprints were found on the coin box.

On November 6, 1969, appellant again appeared at the service station. He again asked for a quick battery charge and then went to the cigarette machine as he had done before. The police were called. Upon arriving, they found appellant pounding on the cigarette machine and when asked by Officer Nicholas N. Davis of the Bothell Police Department what he was doing, appellant answered, "I'm not trying to rob anything." The officer asked questions and established appellant's identity and then assisted him in starting his truck and leaving the scene. Appellant was later arrested.

He had a preliminary hearing on January 16, 1970 in the Seattle District Justice Court, at which he was represented by retained counsel. Testimony was taken at that hearing.

Appellant was allowed to post bond of $100. While free on bond, defendant was arrested on March 12, 1970 for burglary in Los Angeles County, California, and on March 24, 1970 in Yerington, Nevada on a drug charge. On April 24, 1970, the matter was bound over to superior court and the bail was increased to $3,000.

Thereafter, an information was filed in superior court, counsel was appointed and the matter went to trial. During the trial, appellant took the stand and testified in his own behalf. On direct examination, his counsel adduced admissions of prior convictions. After a verdict of guilty, appellant moved for a new trial, which motion was overruled and this appeal followed. Appellant claimed six errors.

■ First, we will consider the alleged error in not dismissing the charge because of the failure to provide counsel at the time appellant was bound over and his bail increased. It must be remembered, he was represented by counsel at the preliminary hearing. The transfer, or binding over to superior court, is a formal procedure and is without importance because regardless of what is done by the magistrate, the prosecuting attorney can file an information in superior court under RCW 10.43.010. *State v. Weiss,* 73 Wn.2d 372, 438 P.2d 610 (1968); *State v. Jewett,* 121 Wash. 620, 209 P. 1076 (1922). In *Jewett,* we said:

> Our statutes provide that all public offenses may be prosecuted in the superior courts by information filed by the prosecuting attorney. The criminal complaint charged a felony and the justice of the peace could only sit as a committing magistrate. The defense of former jeopardy could not grow out of such a proceeding.

We therefore hold the binding over to superior court was not a critical stage of the proceedings and consequently, the failure to provide counsel at that stage was not error.

At the same time as appellant was bound over his bail was raised to $3,000. The bail had originally been set at $3,000 and had been cut to $100 upon the request of appellant.

Appellant's contention that he was deprived of, or hampered in, the opportunity to present his defense because of

the increase in bail can scarcely be given substantial weight for several reasons. He never thereafter sought reduction of bail. When he was free on $100 bail after the preliminary hearing he did not use the opportunity to seek witnesses, but went traveling into other states. No continuance was requested to give time to seek witnesses, and no subpoenas were issued, or requested. Appellant's brief states, ". . . there are numerous things he could have done in research and investigation that would have aided his counsel if he had not been incarcerated." However, no specific items are given to support this claim.

Considering the facts, it is difficult to believe appellant was hampered in the preparation of his defense by the increase in bail and his subsequent incarceration. Since different facts could produce a different result, we do not want anything said herein to be construed as a general or blanket approval of not having counsel for a defendant at the time of setting or increasing bail.

Appellant's second assignment of error is directed to the court's instruction No. 10, which reads:

> Under the law of this state, the fact that a defendant has previously been convicted of a crime is not of itself any evidence of his guilt in this case. It is, however, a circumstance which may be weighed and considered by you in the determination of what weight or credibility should be allowed his testimony as a witness in this case.

■ Appellant takes the position that he should have the right to elect to have the instruction given or not given. Such a position is not sound. The trial court, not the defendant, instructs the jury.

We considered a similar instruction in *State v. Summers*, 73 Wn.2d 244, 437 P.2d 907 (1968), and found it proper. The instruction is a correct statement of the law and should be given in any case where the defendant is a witness and proof is adduced by either party of prior convictions. Without such an instruction, there is substantial danger the jury would consider the fact of prior convictions for an improper purpose. Instruction No. 10 was proper.

■ Appellant's third assignment of error relates to the court's instructions relative to circumstantial evidence. Both parties proposed instructions on the subject of circumstantial evidence, which differed only slightly. While neither form is perfect, the instruction given did correctly state the law. The trial court does not have to give a requested instruction when the subject is adequately covered by another instruction. *State v. Holbrook,* 66 Wn.2d 278, 401 P.2d 971 (1965).

Appellant's fourth assignment of error concerns the failure of the court to grant a motion for a new trial based on the rule that circumstantial evidence must be consistent with a hypothesis of guilt and inconsistent with any reasonable hypothesis of innocence. This, in essence, is a challenge to the sufficiency of the evidence, regardless of how denominated. There was adequate evidence, both direct and circumstantial, to withstand such a challenge.

It was a jury question whether or not the evidence proved the guilt of appellant beyond a reasonable doubt.

Appellant's fifth assignment of error raises the issue of the admission of testimony as to events at the service station on November 6, 1969, about a week after the alleged crime.

■ Testimony as to what happened on November 6, 1969 was relevant to identity and common scheme or plan. Exceptions to the usual rule that evidence of other crimes is not admissible are set forth in the first and second *Goebel* cases. *State v. Goebel,* 36 Wn.2d 367, 218 P.2d 300 (1950); *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952). We said in the second case:

> These exceptions are to show (1) motive, (2) intent, (3) the absence of accident or mistake, (4) a common scheme or plan, or (5) identity. This list of exceptions is not necessarily exclusive, the true test being whether the evidence as to other offenses is relevant and necessary to prove an essential ingredient of the crime charged. *State v. Lew,* 26 Wn. (2d) 394, 174 P. (2d) 291.

Appellant is not charged with any crime alleged to have been committed on November 6, 1969, nor was there any

claim of criminal conduct on that date. The evidence was properly admitted.

Appellant's final assignment of error was the cumulative effect of the claimed errors. Since there were no errors at the trial, there is nothing to consider under this sixth assignment.

Judgment is hereby affirmed.

HAMILTON, C.J., ROSELLINI, HALE, and SHARP, JJ., concur.