[Nos. 16212-8-I; 18653-1-I.   Division One.   May 28, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY L. RUSSELL, *Appellant.*

*In the Matter of the Personal Restraint of* LARRY L. RUSSELL, *Petitioner.*

*John R. Christiansen* of *Washington Appellate Defender Association,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Martha V. Gross* and *MacDuffie Setter, Deputies,* for respondent.

COLEMAN, J.—Larry Russell appeals his convictions for three counts of unlawful delivery of a controlled substance and one count of unlawful possession of a controlled substance. He argues that the court erred in refusing to instruct the jury that the State bore the burden to prove the absence of duress. Russell also challenges his sentence, arguing that the trial court abused its discretion in sentencing him at the high end of the standard range when there was evidence to support the mitigating factor of duress. We affirm.

In the summer of 1984, Detective Donald Morrison of the Washington State Patrol was involved in an undercover drug operation in Bellingham. On July 25, 1984 and August 14, 1984, Morrison purchased cocaine from the defendant in one–half ounce quantities.

In September, Morrison arranged to buy 2 ounces of cocaine from the defendant. When Morrison went to the defendant's house to make the purchase, the defendant indicated that he had to leave briefly to get the cocaine. The defendant returned a few minutes later carrying a

jacket from which he removed a plastic baggie containing 2 ounces of cocaine. At that time, other officers entered the house and placed the defendant under arrest. More cocaine was found in the jacket the defendant had been carrying.

At trial, the defendant admitted that he had sold cocaine to Detective Morrison but claimed he had acted under duress. Specifically, the defendant contended that when he first spoke to Morrison, Morrison was angry that Gary Crape, a friend of the defendant, had sold Morrison poor quality cocaine. The defendant testified that he sold cocaine to Morrison because he feared Morrison would harm Crape.

The defendant requested an instruction on duress. The court gave an instruction but refused to instruct the jury that the State bore the burden of proving the absence of duress beyond a reasonable doubt.

The jury found the defendant guilty of three counts of unlawful delivery of a controlled substance and one count of unlawful possession of a controlled substance. The court sentenced him to 89 months on each count, to run concurrently. These sentences were within the standard range.

The defendant first challenges his convictions for delivery of a controlled substance, arguing that the court should have instructed the jury that the State had the burden to prove the absence of duress. He contends that this allocation of the burden of proof is required because the defense of duress negates the mens rea element of the crime of delivery of a controlled substance.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). If a properly raised defense negates an element of the offense charged, the State bears the burden of proving beyond a reasonable doubt the absence of the defense. *State v. Acosta,* 101 Wn.2d 612, 616, 683 P.2d 1069 (1984); *State v. McCullum,* 98 Wn.2d 484, 490, 656 P.2d 1064 (1983). *See also Patter-*

*son v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977).

Under RCW 9A.16.060(1)(a)–(c), it is a defense that the defendant committed a crime under duress, that is, that

(a) The actor participated in the crime under compulsion by another who by threat or use of force created an apprehension in the mind of the actor that in case of refusal he or another would be liable to immediate death or immediate grievous bodily injury; and

(b) That such apprehension was reasonable upon the part of the actor; and

(c) That the actor would not have participated in the crime except for the duress involved.

In certain situations, a defendant may raise a defense that negates an element of the crime charged by the State. When a defendant properly raises one of these defenses, the State must bear the burden to disprove the defense beyond a reasonable doubt. Self–defense, for example, negates the mens rea of first degree murder because self–defense is defined as a lawful act, RCW 9A.16.020(3), and the crime of first degree murder requires "intent," which is defined as acting "with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08-.010(1)(a). *State v. McCullum, supra.* Self–defense also negates the mens rea of second degree assault because self–defense is defined as a lawful act, and the crime of second degree assault requires "knowledge," which is defined as being "aware of a fact, facts, or circumstances or result described by a statute defining an offense". RCW 9A.08-.010(1)(b)(i). *State v. Acosta, supra.* The defense of reasonable use of force to discipline a child negates the mens rea of assault because the defense is defined as lawful, and the crime requires "intent," which is inconsistent with a lawful act. *State v. Bennett,* 42 Wn. App. 125, 708 P.2d 1232 (1985).

In order to determine which party bears the burden of proof on a defense, we first analyze each element of the crime charged. *Acosta,* at 616; *State v. Hanton,* 94 Wn.2d 129, 132, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035 (1980).

RCW 69.50.401(a) provides that "[e]xcept as authorized by this chapter, it is unlawful for any person to . . . deliver . . . a controlled substance." Although the statute does not specify a mens rea, the State must also prove "guilty knowledge," that is, an understanding of the identity of the product being delivered. *State v. Boyer*, 91 Wn.2d 342, 344, 588 P.2d 1151 (1979).

In the present case, the defense of duress does not negate the mens rea of the crime in question. The mental state necessary for delivery of a controlled substance requires only that the defendant understand the identity of the product being delivered. This mens rea is not inconsistent with the definition of duress. Russell could have delivered the cocaine with full knowledge of what it was and still prevailed on his defense of duress, assuming there was sufficient evidence of duress to persuade the jury. The trial court acted correctly in refusing to place the burden of proof of duress on the State.[1]

We note, however, that the Washington Supreme Court Committee on Jury Instructions has recommended in its most recent revision of pattern instructions, that a trial court should instruct the jury that the State has the burden of proving beyond a reasonable doubt that the defendant did not act under duress. WPIC 18.01 (Supp. 1986). The comment to the instruction indicates that the committee formulated this recommendation because of *State v. Davis*, 27 Wn. App. 498, 618 P.2d 1034 (1980). In *Davis*, the court suggested in dicta that the defense of duress negates an element of robbery because robbery requires that a defendant "unlawfully" take "personal property from the person of another", RCW 9A.56.190, and the *Davis* court believed that a person acting under duress was acting "lawfully." *Davis*, at 507–08.

After examining the relevant statutes, however, we must reject the suggestion in *Davis* that a person acting

---

[1]*Accord, State v. Peters*, 47 Wn. App. 854, 737 P.2d 693 (1987), filed simultaneously with this opinion.

under duress is acting lawfully. Unlike self–defense and reasonable use of force to discipline a child, duress is not explicitly defined by statute as lawful. It is merely a defense which the State "is willing to recognize as an exculpatory or mitigating circumstance". *Patterson v. New York*, 432 U.S. 197, 207, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977).

██ In his remaining assignment of error,[2] the defendant argues that the court abused its discretion in sentencing him at the high end of the standard range when there was evidence to support the mitigating factor of duress.[3] When the sentence given is within the standard range, however, as a matter of law there can be no abuse of discretion regarding the length of the sentence imposed. *State v. Ammons*, 105 Wn.2d 175, 182–83, 713 P.2d 719, 718 P.2d 796 (1986). Furthermore, the trial court has no duty to enter findings on mitigating factors unless it sentences the defendant below the standard range. *State v. Davis*, 47 Wn. App. 91, 96, 734 P.2d 500 (1987).

On the issues before this panel, the judgment of the trial court is affirmed.

SCHOLFIELD, C.J., and PEKELIS, J., concur.

Review denied by Supreme Court September 1, 1987.

---

[2]The defendant raised two sentencing issues through a personal restraint petition. The issue we address here was consolidated with this appeal. The other issue was set for accelerated review before a commissioner.

[3]Former RCW 9.94A.390(3) provides that in imposing an exceptional sentence, the court may consider that "[t]he defendant committed the crime under duress, coercion, threat, or compulsion insufficient to constitute a complete defense but which significantly affected his or her conduct."