[No. 45242-1-II.   Division Two.   July 28, 2015.]

THE STATE OF WASHINGTON, *Respondent*, v. MARCOS ROBERTO LOZANO, *Appellant*.

*Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*Jon Tunheim, Prosecuting Attorney*, and *John C. Skinder* and *Carol L. La Verne, Deputies*, for respondent.

¶1 MELNICK, J. — Marcos Lozano appeals his conviction for rape in the second degree, arguing that the trial court erred by instructing the jury that he had the burden of proving the "reasonable belief" defense and that his counsel was ineffective for not proposing instructions on the defense of consent. In the published portion of this opinion, we hold that the challenged jury instruction on the "reasonable belief" defense did not violate due process because this defense does not negate an element of rape in the second degree where the State solely alleged the sexual intercourse occurred with a person incapable of consent by reason of being physically helpless or mentally incapacitated. And, we further hold that Lozano's counsel did not provide ineffective assistance for failing to propose instructions on consent because consent is not an affirmative defense to a charge of rape in the second degree where the State solely alleged the sexual intercourse occurred with a person incapable of consent by reason of being physically helpless or mentally incapacitated.

¶2 In the unpublished portion of this opinion, we hold that the trial court did not err by excluding as hearsay a witness's transcribed statement after the State used a small portion of the statement only to refresh the witness's

recollection. We also hold that the issues raised in Lozano's statement of additional grounds have no merit. Accordingly, we affirm.

## FACTS

¶3 Lozano met a woman, C.C., online through social media. They arranged to meet on the evening of February 7, 2009. C.C. went to Lozano's place of employment and waited for him to finish his shift. While waiting for Lozano, C.C. received a call from her good friend A.B. who asked for a ride home from a bar. C.C. picked up A.B. and then drove back to Lozano's place of employment, where he was just getting off work. C.C. and A.B. then followed Lozano to his house.

¶4 When they arrived at Lozano's house, the three went upstairs to his bedroom. Lozano gave them each a beer and opened one for himself. Shortly thereafter, A.B. fell asleep on a small couch near Lozano's bed. Lozano and C.C. talked to each other, drank several beers, listened to music, started to watch a movie, and had consensual intercourse. C.C. then fell asleep.

¶5 Later, C.C. woke up and saw Lozano having sexual intercourse with A.B. A.B. was unclothed and appeared to still be asleep. C.C. yelled at Lozano to get off A.B. and he did. C.C. shook A.B. awake and helped her gather her clothes. C.C. and A.B. left Lozano's house immediately.

¶6 According to A.B., she remembered walking up the stairs to Lozano's bedroom, sitting on the couch next to his bed, drinking a sip of beer, and then falling asleep right away. She confirmed that she fell asleep fully clothed. She explained that she woke up disoriented and concerned because C.C. was yelling and because she was not wearing pants or underwear. A.B. remembered "feeling [Lozano] come out of [her]." Report of Proceedings at 209. She saw him walk across the room, remove a condom, and place it in a trash can.

¶7 The State charged Lozano with rape in the second degree and alleged that A.B. was incapable of consent by

reason of being physically helpless or mentally incapacitated. Lozano's first jury trial ended in a conviction, but we reversed the conviction and remanded for a new trial. *See State v. Lozano*, noted at 167 Wn. App. 1021, 2012 WL 1047418, 2012 Wash. App. LEXIS 744. Lozano's second jury trial occurred in July 2013.

¶8 At the second trial, Lozano's defense theory was that A.B. initiated and consented to sexual intercourse with him and that even if A.B. was incapable of consent, he reasonably believed that she could consent. He testified that when C.C. woke up and saw him having sexual intercourse with A.B., C.C. got mad. The two women then dressed quickly and left.

¶9 Lozano presented expert testimony to explain alcohol's effect on memory and the concept of confabulation. The trial court instructed the jury on the "reasonable belief" defense contained in RCW 9A.44.030(1). Lozano did not propose a consent defense instruction.

¶10 The jury found Lozano guilty of rape in the second degree. Lozano appeals his conviction.

## ANALYSIS

### I. "REASONABLE BELIEF" DEFENSE JURY INSTRUCTION

¶11 Lozano argues for the first time on appeal that the trial court violated his due process rights under the federal and state constitutions by instructing jurors on the "reasonable belief" defense[1] because the instruction allocated to him the burden of proving that he reasonably

---

[1] RCW 9A.44.030(1) provides:

In any prosecution under this chapter in which lack of consent is based solely upon the victim's mental incapacity or upon the victim's being physically helpless, it is a defense which the defendant must prove by a preponderance of the evidence that at the time of the offense the defendant reasonably believed that the victim was not mentally incapacitated and/or physically helpless.

believed the victim was capable of consent.[2] We hold that the "reasonable belief" instruction did not violate due process because the instruction did not impose a burden on Lozano to prove any element of the charged crime.

¶12 The State charged Lozano with rape in the second degree under RCW 9A.44.050(1)(b), which required the State to prove beyond a reasonable doubt that Lozano engaged in sexual intercourse with A.B. when she was incapable of consent by reason of being physically helpless or mentally incapacitated. The trial court instructed the jury that it was a defense to the charge of rape in the second degree that at the time of the offense the defendant reasonably believed that A.B. was not mentally incapacitated or physically helpless.[3] The instruction further provided that Lozano had the burden to prove this defense by a preponderance of the evidence. Although the record does not reflect which party proposed this instruction, Lozano did not object to it.[4]

¶13 The due process clause of the Fourteenth Amendment to the United States Constitution requires the State to prove beyond a reasonable doubt every fact necessary to convict

---

[2] A claim of instructional error is waived when not presented to the trial court unless the claimed error constitutes a manifest error affecting a constitutional right. RAP 2.5(a)(3). Because Lozano's allegation that the instruction impermissibly shifted the burden of proof implicates his federal and state constitutional due process rights, we consider his claim of instructional error for the first time on appeal.

[3] *See* RCW 9A.44.030(1).

[4] On appeal, Lozano denies that he presented a reasonable belief defense, arguing that he relied instead on a consent defense at trial. But the record undermines Lozano's contention that he did not assert a "reasonable belief" defense. He testified that he did not know how much alcohol A.B. drank. He also presented expert testimony about alcohol induced blackouts, which are amnesiac events in which a person is awake and functioning but his or her brain is not able to imprint a memory of the events. The expert testified that a person in a blackout state could act and then not remember, including travel to other cities. Based on this testimony, Lozano argued in closing that he did not see anything that would have led a reasonable person to believe A.B. was highly intoxicated. He asked the jury how could he be expected to know if A.B. was in a blackout? There is nothing in the record to suggest that Lozano was forced to present the reasonable belief defense or that the instruction was given over his objection.

the defendant of the charged crime.[5] *State v. W.R.*, 181 Wn.2d 757, 761-62, 336 P.3d 1134 (2014). "A corollary rule is that the State cannot require the defendant to disprove any fact that constitutes the crime charged." *W.R.*, 181 Wn.2d at 762. Whether due process prevents the legislature from allocating the burden of proof of a defense to the defendant depends on the relationship between the elements of the charged crime and the elements of the defense. *W.R.*, 181 Wn.2d at 762. A defense that merely excuses conduct that would otherwise be punishable is a true affirmative defense, and the burden of proving it may be allocated to the defendant. *W.R.*, 181 Wn.2d at 762; *State v. Fry*, 168 Wn.2d 1, 7, 228 P.3d 1 (2010). But where a defense necessarily negates an element of the crime, the legislature may not allocate to the defendant the burden of proving the defense. *W.R.*, 181 Wn.2d at 762.

¶14 "The key to whether a defense necessarily negates an element is whether the completed crime and the defense can coexist." *W.R.*, 181 Wn.2d at 765. For example in *State v. Box*, 109 Wn.2d 320, 330, 745 P.2d 23 (1987), our Supreme Court held that insanity does not negate the premeditation element of first degree murder. More recently in *W.R.*, 181 Wn.2d at 768, our Supreme Court held that consent necessarily negates forcible compulsion; therefore, due process prohibits shifting the burden to the defendant to prove consent by a preponderance of the evidence as a defense to a charge of rape by forcible compulsion.

¶15 Relying on *W.R.*, 181 Wn.2d at 765-66, Lozano argues that the affirmative defense instruction impermissibly shifted the burden of proof to him. Lozano appears to argue that because he presented evidence at trial that A.B. consented to sexual intercourse, the allocation of any burden of proof to him violated his due process rights. We disagree.

---

[5] Our state constitution similarly guarantees, "No person shall be deprived of life, liberty, or property, without due process of law." WASH. CONST. art. I, § 3. Lozano has not argued that the trial court's "reasonable belief" jury instruction violated our state constitution.

¶16 *W.R.* does not support Lozano's position. The instruction in *W.R.* violated due process because it allocated to the defendant the burden to prove consent, which negated the forcible compulsion element of the charged crime. 181 Wn.2d at 768. Unlike in *W.R.*, Lozano's burden to prove his "reasonable belief" that the victim was not mentally incapacitated and physically helpless did not negate an element of the charged crime. Here, the State retained its burden to prove beyond a reasonable doubt that Lozano had sexual intercourse with A.B. when she could not consent by reason of being physically helpless or mentally incapacitated. The challenged instruction did not negate this element; i.e., the instruction did not require Lozano to prove that the victim could actually consent. It merely placed the burden on Lozano to prove that he reasonably believed A.B. could consent, which is a statutory defense to the crime.

¶17 The "reasonable belief" defense may coexist with the charged crime because the elements of the crime are based on the inability of the person to consent, whereas the defense is concerned with the reasonableness of the defendant's belief that the person was able to consent. The "reasonable belief" defense is merely an excuse for conduct that would otherwise be punishable. Therefore, the trial court's instruction did not violate due process.

II. Ineffective Assistance of Counsel

¶18 Lozano next argues that his counsel was ineffective for failing to propose jury instructions outlining his affirmative defense of consent. We disagree. Consent is not an affirmative defense to the charge of rape in the second degree where, as here, the State solely charges the defendant of having sexual intercourse with a person incapable of consent by reason of being physically helpless or mentally incapacitated. Therefore, defense counsel's performance was not deficient.

¶19 Ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *In re Pers. Restraint*

*of Fleming*, 142 Wn.2d 853, 865, 16 P.3d 610 (2001). A defendant claiming ineffective assistance of counsel has the burden to establish that (1) counsel's performance was deficient and (2) the performance prejudiced the defendant's case. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 700, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). An attorney's performance is deficient if it falls "below an objective standard of reasonableness based on consideration of all the circumstances." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Deficient performance prejudices a defendant if there is a "reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different." *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

¶20 " 'Consent' means that at the time of the act of sexual intercourse or sexual contact there are actual words or conduct indicating freely given agreement to have sexual intercourse or sexual contact." RCW 9A.44.010(7). In *State v. Lough*, 70 Wn. App. 302, 329, 853 P.2d 920 (1993), *aff'd*, 125 Wn.2d 847, 889 P.2d 487 (1995), the court noted that a defendant's consent defense to second degree rape was "*legally* and *logically* superfluous" when the State's sole theory was that the victim was legally incapable of giving consent because the defendant had drugged the victim into unconsciousness. The court further stated that if the State proved its case beyond a reasonable doubt, consent is no defense at all. *Lough*, 70 Wn. App. at 329.

¶21 As discussed in *Lough*, if the State proves beyond a reasonable doubt that a person cannot consent to sexual intercourse, the victim's words or conduct indicating freely given agreement to have sexual intercourse will not excuse the defendant's conduct.[6] 70 Wn. App. at 329. Therefore, a victim's words or conduct indicating freely given agreement

---

[6] We are not saying that evidence of a victim's words or conduct that may indicate freely given agreement are not relevant at trial. Such evidence may

are not an affirmative defense to a rape in the second degree charge where the State's information solely charges the defendant with rape in the second degree where the victim could not consent because of physical helplessness or mental incapacity. *See Fry*, 168 Wn.2d at 7 (explaining that "[a]n affirmative defense admits the defendant committed a criminal act but pleads an excuse for doing so").

¶22 Because consent is not an affirmative defense to rape in the second degree as charged here, Lozano's counsel's decision not to seek an instruction on consent was not deficient. Lozano has neither shown that his counsel's performance was deficient nor that it prejudiced Lozano's case. Therefore, Lozano's ineffective assistance claim fails. We affirm the conviction.

¶23 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J., and WORSWICK, J., concur.

Review denied at 184 Wn.2d 1032 (2016).

---

support a defendant's theory that the victim could consent or that the defendant reasonably believed that the victim was not mentally incapacitated or physically helpless.