IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33021-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRIS LITO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Chris Lito appeals his conviction for second degree rape, arguing

that the standard "reasonable belief" in the victim's ability to consent instruction

impermissibly shifted the burden to the defense. We reject that argument and decline to

consider his challenges to two financial components of his sentence.

FACTS

The victim, H.H., went out on April 2, 2013, to have a good time. She drank,

smoked marijuana, and eventually blacked out. She awoke later in a strange apartment

with her clothes off. She immediately went to a hospital and reported being raped.

Mr. Lito was arrested and charged with one count of second degree rape under the

theory that H.H. was incapable of consent as a result of being physically helpless or

mentally incapacitated. RCW 9A.44.050(1)(b). The case proceeded to jury trial. H.H.

and several witnesses testified, but Mr. Lito did not. Nonetheless,[1] the prosecutor agreed

to defendant's request to instruct the jury that it was a defense to the charge that Mr. Lito

had a reasonable belief that the victim had the ability to consent. Report of Proceedings

(RP) at 203-205. The instruction provided:

> It is a defense to a charge of rape in the second degree that at the time of the acts the defendant reasonably believed that [H.H.] was not mentally incapacitated or physically helpless.

> The defendant has the burden of proving this defense by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded, considering all the evidence in the case, that it is more probably true than not true. If you find that the defendant has established this defense, it will be your duty to return a verdict of not guilty.

Clerk's Papers (CP) at 20.

The jury returned a verdict of guilty. Shortly thereafter the Washington Supreme

Court released its decision in *State v. W.R., Jr.*, 181 Wn.2d 757, 336 P.3d 1134 (2014),

holding that the affirmative defense of consent negated the forcible compulsion element

of a rape prosecution. Mr. Lito moved for a new trial on the basis of *W.R.* The court

denied the motion and subsequently imposed an indeterminate sentence of 96 months to

life in prison, along with community supervision for life. The court additionally imposed

court costs, consisting of the crime victim's penalty assessment, the filing fee, and the

---

[1] Our record does not establish the factual basis for the instruction. While there was evidence suggesting that the victim was capable of consenting, there is no indication that Mr. Lito believed she was capable.

No. 33021-4-III
*State v. Lito*

DNA collection fee, totaling $800.00. The court also imposed restitution of $552.86.
The trial judge also noted that "it doesn't appear in the future there will be the ability to
pay." RP at 292. Mr. Lito then timely appealed to this court.

ANALYSIS

Mr. Lito primarily argues that instruction 12 misstated the law and wrongly placed
the burden on him to establish his reasonable belief that the victim could consent. He
also contends the trial court erred in imposing legal financial obligations, including the
DNA collection fee. We first address the new trial argument before turning, summarily,
to the remaining two claims.

This court reviews a ruling on a motion for a new trial for abuse of discretion.
*State v. Williams*, 96 Wn.2d 215, 221, 634 P.2d 868 (1981). A trial court abuses its
discretion when it exercises discretion on untenable grounds or for untenable reasons.
*State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). However, the
court reviews the legal accuracy of jury instructions de novo. *State v. Jackman*, 156
Wn.2d 736, 743, 132 P.3d 136 (2006).

The Due Process clause of the Fourteenth Amendment to the United States
Constitution requires that the State bear the burden of proving, beyond a reasonable
doubt, all the elements of the charged crime. *W.R. Jr.*, 181 Wn.2d at 762 (citing *In re
Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). However, the State
is not required to bear the burden on an affirmative defense that excuses a defendant's

3

otherwise illegal conduct. *Id.* at 762 (citing *Smith v. United States*, 568 U.S. __, 133 S. Ct. 714, 184 L. Ed. 2d 570 (2013)). The relevant inquiry is whether the defense negates an element of the charged crime, *i.e.*, whether the defense and the element can coexist. *W.R., Jr.*, 181 Wn.2d at 765. Where the defense negates an enumerated element of the crime, the defense cannot be forced to bear the burden of proof. *Id.* at 762. *W.R.* concluded that consent to sexual intercourse negated the forcible compulsion element of second degree rape, thus making it error to place the burden of proving consent on the defendant. *Id.* at 763.

Mr. Lito argues that the trial court should have granted his motion for a new trial in light of *W.R.* He contends that the reasonable belief affirmative defense negated an element of the crime that the victim was *incapable* of consent, thus violating his due process rights by forcing him to bear the burden of proof. Division II recently addressed, and rejected, this argument. *State v. Lozano*, 189 Wn. App. 117, 124, 356 P.3d 219 (2015), *review denied*, 184 Wn.2d 1032 (2016). Mr. Lito argues that the logic of *Lozano* is flawed. Because *Lozano* is persuasive, his argument fails.

To prove rape by incapacity the State must prove two elements: (1) that the defendant "engage[d] in sexual intercourse with another person", and (2) that the sexual intercourse occurred "[w]hen the victim [was] incapable of consent by reason of being physically helpless or mentally incapacitated." RCW 9A.44.050(1). However, a defense to the crime exists where "the defendant reasonably believed that the victim was not

4

mentally incapacitated and/or physically helpless." RCW 9A.44.030(1). "[T]he defendant must prove [this defense] by a preponderance of the evidence." *Id.* Here, the issue is whether the second element of the crime and the defense negate one another.

*Lozano* involved a similar issue. There a man and a woman (C.C.) met online through social media. 189 Wn. App. at 120. C.C. brought a friend (A.B.) to their arranged meeting, and they all eventually went to Lozano's house. *Id.* He gave them both a beer and took them up to his room. *Id.* A.B. slept, while Lozano and C.C. talked, watched a movie, and had sex. *Id.* Eventually, C.C. also fell asleep. *Id.* Sometime later C.C. woke to see Lozano having sex with A.B., who appeared to be asleep. *Id.* The State charged Lozano with rape in the second degree on the theory that A.B. was physically helpless or mentally incapacitated. *Id.* at 120-121. At trial, Lozano's theory was that A.B. consented to sexual intercourse and that he reasonably believed she was capable of that consent. *Id.* at 121. The trial court instructed the jury on the "reasonable belief" defense, but the jury found him guilty. *Id.* On appeal, Lozano argued that the jury instruction on the "reasonable belief" defense impermissibly shifted the burden of proof. *Id.* at 121-122.

This court rejected Lozano's argument, noting that the key to whether a defense negates an element on the crime is whether the defense and crime can coexist. *Id.* at 123. It held, in this situation, the defense and crime *can* coexist: "Lozano's burden to prove his 'reasonable belief' that the victim was not mentally incapacitated and physically helpless

did not negate an element of the charged crime." *Id.* at 124. The court specifically noted that the affirmative defense instruction "did not require Lozano to prove that the victim could actually consent. It merely placed the burden on Lozano to prove that he *reasonably believed* [she] could consent." *Id.* (emphasis added).

Mr. Lito argues that the reasoning in *Lozano* is flawed because requiring him to prove that he *reasonably* believed she could consent essentially requires him to show she *actually* could consent. He relies on an old legal dictionary's definition of the word "reasonable." Appellant's Br. at 11 (citing the Fifth Edition of Black's Law Dictionary). Black's currently defines "reasonable belief" as "A sensible belief that accords with or results from using the faculty of reason." Black's Law Dictionary 184 (10th ed. 2014). Nothing in this definition requires that the belief be *actually true* in order to be *reasonable*. In other words, *subjectively* a person could reasonably believe that another was capable of consent, while simultaneously that person is *objectively* incapable of consent. Because those facts can coexist, the affirmative defense does not negate an element of the crime of rape by incapacity.

The pattern instruction correctly stated the "reasonable belief" affirmative defense and did not err by assigning the burden of proof to Mr. Lito.

Mr. Lito additionally argues that the trial court erred in imposing the noted financial requirements despite the fact that he cannot pay them. However, all of the noted costs are mandatory assessments that are made without concern for the defendant's

No. 33021-4-III
*State v. Lito*

ability to pay. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013) (mandatory

fees, that include victim restitution, victim assessments, DNA fees, and criminal filing

fees, operate without the court's discretion by legislative design); *State v. Kuster*, 175

Wn. App. 420, 424, 306 P.3d 1022 (2013) (victim assessment and DNA collection fee

mandatory).

His remaining argument is that his due process rights were violated by imposition

of the DNA collection fee. He did not raise that argument to the trial court. Hence, this

argument is not manifest and we lack the basis to review it. *State v. Stoddard*, 192 Wn.

App. 222, 228-229, 366 P.3d 474 (2016).

The conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

7