[No. 10202–8–I. Division One. July 12, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. CARL
CLAUDE CORWIN, JR., *Appellant.*

*Nancy Talner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ruth Robin-*

*son, Deputy,* for respondent.

CORBETT, J.—Defendant appeals his conviction for robbery in the first degree, RCW 9A.56.200. We affirm.

The defendant was charged with robbery in the first degree, arising out of an incident on April 9, 1980, in a downtown Seattle drugstore. He was twice committed to Western State Hospital for observation before the court found him competent to stand trial. Before trial, defense counsel advised the court and the prosecutor that an insanity defense would be raised during the course of trial. At the conclusion of trial, the jury was instructed on the insanity defense and on voluntary intoxication. The defendant excepted only to the trial court's refusal of proposed instructions pertaining to involuntary intoxication, the relationship between intoxication and intent, and mental incapacity.

The jury was given two verdict forms: a general form in which they could insert the words "guilty" or "not guilty" and a special verdict form setting forth interrogatories pertaining to the insanity defense. The jury was instructed to use the special verdict form only if it found the defendant not guilty. The jury found the defendant guilty as charged, and returned its verdict on the general form. The verdict was received and filed in the presence of the defendant and respective counsel. Thereafter, the court's minute entry shows that "[r]espective counsel, in the presence of the jury, express surprise the Special Verdict Form was not completed by the jury." The night judge, who had not presided at the trial, ordered the jury back to the jury room, and "at the request of respective counsel and approval of the Court" deleted the word "not" from the phrase "not guilty" in the first paragraph of the special verdict form. After being provided with the altered special verdict form, the jury sent out an inquiry, "Is question 2 worded correctly?" to which the night judge responded, "Yes it is." Five minutes later, the jury returned the altered special verdict form, completed as follows:

If you find the defendant guilty, then you shall answer to the following questions:

ANSWER YES OR NO

(1) Did the defendant commit the act charged?

Answer: ___Yes___
(yes or no)

(If your answer to No. 1 is "no," answer no further questions).

(2) If your answer to No. 1 is "yes" do you find the defendant not guilty because of insanity existing at the time of the act charged?

Answer: ___No___
(yes or no)

(If your answer to No. 2 is "no," answer no further questions).

No further questions were answered. The night judge approved the verdict, excused the jurors, and adjourned. Thereafter, judgment and a sentence of life imprisonment were entered.

The defendant assigns error to the verdict forms and to the court's instructions on the verdict procedure and on insanity, contending that the verdict procedure misled the jury and prevented it from considering the insanity defense. He contends that the jury could constitutionally reach a general verdict of guilty only after finding the defendant did the act charged, and after considering the defense of insanity and finding that he was not insane. We find no basis in the record for defendant's contention that the jury was prevented from considering the insanity defense. The jury received four instructions pertaining to the defense and is presumed, absent any contrary showing, to have followed the court's instructions in its deliberations. *State v. Cerny*, 78 Wn.2d 845, 850, 480 P.2d 199 (1971), *modified on other grounds*, 408 U.S. 939 (1972). Defendant argues that RCW 10.77.040[1] requires use of the special verdict in all cases when insanity is an issue. Prior law

---

[1]RCW 10.77.040 reads, in pertinent part: "Whenever the issue of insanity is submitted to the jury, the court shall instruct the jury to return a special verdict in substantially the following form: . . ."

required the return of a special verdict only if the jury returned a verdict of acquittal. *State v. Tugas,* 37 Wn.2d 236, 241, 222 P.2d 817 (1950). The list of questions in RCW 10.77.040 is clearly aimed at determining the basis for an acquittal and what should be done if the defendant is acquitted on the basis of insanity. As demonstrated by this case, the questions are irrelevant when the verdict is guilty. When read as a whole, the statute simply gives a jury the opportunity to complete a special verdict form in all cases containing an issue of insanity. The instructions pertaining to the verdict procedure, and the unaltered forms themselves, were not erroneous. In addition, the defendant proposed the verdict procedure that he now challenges. A party may not request an instruction and later complain on appeal that the requested instruction was given. *State v. Boyer,* 91 Wn.2d 342, 345, 588 P.2d 1151 (1979). Although alteration of the special verdict form by the night judge would appear to be erroneous, the defendant agreed to the alteration and has not shown how he was prejudiced. Such error is harmless. *See State v. Wanrow,* 88 Wn.2d 221, 237, 559 P.2d 548 (1977); *State v. Jones,* 22 Wn. App. 506, 511, 591 P.2d 816 (1979).

 Defendant next cites as error the failure of the court to give proposed instructions 1 and 4 pertaining to involuntary intoxication.[2] Defendant points out that there

---

[2]Proposed instruction 1 reads as follows:

"It is a complete defense in any prosecution for the crime of Robbery in the first degree that the defendant acted while in a state of intoxication which was involuntarily induced. The level of intoxication must be such that, at the time of the commission of the offense, the mind of the defendant was affected to such an extent that the defendant was unable to perceive the nature and quality of the act with which he is charged; or, the defendant was unable to tell right from wrong with reference to the particular act charged.

"If, after considering all of the evidence in this case, you are not convinced beyond a reasonable doubt that the defendant did not act while in a state of involuntary intoxication, you must find the defendant not guilty."

Proposed instruction 4 reads as follows:

"Intoxication is involuntary when it is produced in a person without his willing and knowing use of intoxicating liquor without his willing assumption of the risk of possible intoxication."

was evidence from which the jury could conclude that the defendant's Breathalyzer reading was .18 percent, that he was an alcoholic, and that he suffered from organic brain syndrome, and was, therefore, involuntarily intoxicated at the time of the offense. Defendant points to no evidence, however, that would support the contention that his use of alcohol was other than willing and knowing. While the existence of organic brain syndrome may demonstrate an extended abuse of alcohol and tend to support an insanity defense, it does not of itself support a contention of involuntary intoxication. For all practical purposes, however, there is no difference between voluntary and involuntary intoxication as to crimes that by their definition require proof of a specific intent in addition to proof that the act was committed. *State v. Mriglot,* 88 Wn.2d 573, 576, 564 P.2d 784 (1977). The statutory elements of robbery, RCW 9A.56.190, presuppose that intent to deprive the victim of property is a necessary element. *State v. Faucett,* 22 Wn. App. 869, 871, 593 P.2d 559 (1979). The jury was properly instructed concerning the effect of intoxication upon intent.

Defendant also contends that the failure to give his proposed instructions 5, 11, 12 and 13[3] prevented the jury

---

[3]Proposed instruction 5 reads:

"In any prosecution for the crime of Robbery in the first degree the state must prove beyond a reasonable doubt that the defendant acted with intent to commit the theft.

"If the evidence shows that the defendant was intoxicated at the time of the alleged offense, the jury should consider his state of intoxication in determining if the defendant had acted with intent to commit the theft.

"If from all the evidence you have a reasonable doubt whether the defendant was capable of forming the intent to commit the theft, you must find the defendant not guilty."

Proposed instruction 11 reads:

"In any prosecution for the crime of robbery in the first degree, it is a defense that the defendant did not act with the intent to commit theft.

"In determining whether or not the defendant possessed the intent to commit theft, you must consider whether or not the defendant was mentall [sic] ill, suffering from a mental disease or defect, at the time of the offense."

Proposed instruction 12 reads:

"If you find from the evidence that at the time the alleged crime was committed, the defendant had substantially reduced mental capacity, whether caused by

from considering the defense that intoxication, mental illness and mental incapacity negate the specific intent to steal, and thus prevented him from presenting the defense theory of lack of intent due to mental illness. However, the court's instruction on the effect of intoxication upon a mental state element[4] gave a correct statement of the law as expressed in RCW 9A.16.090, and was preferable to proposed instruction 5. The other instructions proposed by the defendant were properly refused by the court because there was no evidence to support a theory that the defendant lacked the ability to form a specific intent due to a mental disorder not amounting to insanity. *See State v. Edmon,* 28 Wn. App. 98, 102, 621 P.2d 1310 (1981).

Affirmed.

DURHAM, A.C.J., and CALLOW, J., concur.

Reconsideration denied September 2, 1982.

Review denied by Supreme Court November 22, 1982.

---

mental illness, mental defect, intoxication, or any other cause, you must consider what effect, if any, this diminished capacity had on the defendant's ability to form the intent to commit theft.

"Thus, if you find that the defendant's mental capacity was diminished to the extent that you have a reasonable doubt whether he acted with intent to commit theft, you cannot find him guilty of robbery in the first degree."

Proposed instruction 13 reads:

"'Mental incapacity' is that condition existing at the time of the offense which prevents a person from understanding the nature or consequences of the act of robbery in the first degree whether that condition is produced by illness, defect, the influence of a substance or from some other cause."

[4]The court's instruction 12 reads as follows:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular kind or degree of crime, the fact of intoxication may be taken into consideration in determining such mental state."