[No. 10240-1-I.   Division One.   January 17, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID KEITH DAVENPORT, *Appellant.*

*Jonathan Cole* and *James E. Sedney* of *Washington*

*Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for respondent.

CORBETT, J.—Defendant, David K. Davenport, appeals his judgment and sentence for burglary in the second degree, and from two orders revoking probation on previous second degree burglary convictions. The cases have been consolidated on appeal. We affirm.

A home was burglarized while the owner was at work and a turntable, a guitar, and some beer were taken. Neighbors of the victim saw a man carry these items through an adjoining yard, place them in a waiting car, and drive away.

By motion in limine, defendant sought to exclude evidence of his two prior convictions for second degree burglary. The court excluded one, but ruled the most recent conviction could be used for impeachment purposes. On cross examination, defendant admitted this conviction. Defendant assigns error to the court's ruling on several grounds. First, he argues that since the prior conviction was based on a guilty plea, the State had the burden of proving the constitutional validity of a counseled plea of guilty. This argument was rejected in *State v. Thompson,* 95 Wn.2d 888, 894, 632 P.2d 50 (1981).

Next, defendant contends that the prior conviction was inadmissible under the Rules of Evidence. ER 609(a) provides:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Under ER 609(a)(1), the court may admit convic-

tions in its discretion, but only after balancing the probative value of the prior conviction as it relates to the credibility of the witness against the potential prejudice to the defendant. *State v. Alexis,* 95 Wn.2d 15, 17, 621 P.2d 1269 (1980). The court's decision will not be disturbed absent a clear showing of abuse of that discretion. *State v. Thompson, supra* at 892. The trial court considered the factors outlined in *Alexis,* and concluded that the probative value of the prior conviction outweighed its potential prejudicial effect to the defendant. We find no abuse of discretion in that determination. Because we find that the prior conviction was properly admitted under ER 609(a)(1), we do not reach defendant's contention that it was inadmissible under ER 609(a)(2) because second degree burglary is allegedly not a crime of "dishonesty."

Defendant also assigns error to the giving of the following instruction:

> Evidence that the defendant has previously been convicted of a crime is not evidence of the defendant's guilt. Such evidence may be considered by you in deciding what weight or credibility should be given to the testimony of the defendant and for no other purpose.

Defendant contends that this instruction was an unconstitutional comment on the evidence. He also argues that because the instruction is presumably for his benefit, it should be his decision whether or not it is given to the jury.

■■ The trial court, not the defendant, instructs the jury. *State v. Passafero,* 79 Wn.2d 495, 498, 487 P.2d 774 (1971). The instruction correctly stated the law, and in cases where the fact of a prior conviction is elicited from the defendant, it may be given to insure that the jury does not consider such information for an improper purpose. *Passafero,* at 498. The instruction is not an unconstitutional comment on the evidence because it conveys neither the court's attitude regarding the merits of the case nor the court's personal evaluation of witness credibility. *State v. Carr,* 13 Wn. App. 704, 710–11, 537 P.2d 844 (1975). The trial court did not err by giving the instruction.

Error is also assigned to the closing argument of the prosecution, which defendant contends denied him a fair trial. Defense counsel asserted during closing argument that the evidence proved "at the worst" his client helped someone else load the stolen articles into the car. In rebuttal, the prosecutor argued that defendant was nonetheless guilty "as an accomplice." Defendant's objection to this argument was overruled and his motion for a mistrial on this basis was denied.

■ Statements by the prosecution upon the law must be confined to the law as set forth in the instructions of the court. *State v. Estill,* 80 Wn.2d 196, 199, 492 P.2d 1037 (1972). Defendant was not charged as an accomplice, RCW 9A.08.020, nor did the court's instructions to the jury cover this area of the law. The prosecutor's remarks were, therefore, improper. However, a case will not be reversed on this basis unless such error is prejudicial to the accused. *Estill,* at 200. The jury was instructed that counsel's remarks during argument were not evidence and were to be disregarded when not supported by the evidence or the law given by the court. Jurors are presumed to follow the instructions of the court. *State v. Grisby,* 97 Wn.2d 493, 499, 647 P.2d 6 (1982). While an additional curative instruction might have alleviated any potential prejudice to the defendant, he did not request one. Defendant was not precluded from arguing his theory of the case, which was alibi, rather than unwitting participation. The State's evidence included three eyewitnesses who placed the defendant at the scene of the burglary. The error did not affect the outcome of the case, and was harmless beyond a reasonable doubt.

■ Finally, defendant assigns error to the trial court's failure to fully articulate its reasons for revoking probation on his two prior burglary convictions, contending that this omission denied him due process of law. Defendant correctly points out that one of the minimum requirements of due process is "'a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation] or parole.'" *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 36 L.

Ed. 2d 656, 93 S. Ct. 1756 (1973), quoting *Morrissey v. Brewer,* 408 U.S. 471, 489, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972). The requirement of written findings serves two purposes. First, it insures that revocation is based only on verified facts. *State v. Lawrence,* 28 Wn. App. 435, 438, 624 P.2d 201 (1981). Second, it insures that the record of such proceedings will be sufficient for effective appellate review. *Lawrence,* at 438; *see also State v. Murray,* 28 Wn. App. 897, 900–01, 627 P.2d 115 (1981).

In the present case, the probation revocation proceedings were held in conjunction with sentencing on defendant's latest burglary conviction. It is clear that this latest conviction served as the basis for revoking probation. Prior to revocation and sentencing, both defense counsel and the defendant focused their remarks to the bench on a plea for concurrent, rather than consecutive, sentences. Under these circumstances, "no useful purpose would be served . . . by remanding the matter solely to complete the formality of providing written reasons." *State v. Sonneland,* 80 Wn.2d 343, 350, 494 P.2d 469 (1972). The error, if any, was harmless beyond a reasonable doubt.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied February 9, 1983.

Review granted by Supreme Court May 27, 1983.