IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 82193-8-I |
| Respondent, | DIVISION ONE |
| v. | |
| WILBUR DON SKIN, JR., | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — A jury found Wilbur Don Skin Jr. guilty of assault in the third degree, domestic violence. On appeal, Skin contends the prosecutor committed misconduct in two ways: (1) by trivializing and minimizing the burden of proof and (2) by asserting facts not in the record. For the reasons below, we affirm.

## I.    BACKGROUND

JoEllen Ellenwood and Skin planned to get married. While at Ellenwood's apartment, Skin provided her "technical support" and tried to transfer photos from her old phone to her new one. Ellenwood's cell phone plan included Skin's phone. When he tried to transfer Ellenwood's photos, his own photos and videos transferred to her new phone. The photos and videos included explicit content of other women. After Ellenwood saw the content, she and Skin began to argue. Ellenwood testified, "I didn't know who the woman was and we had problems with other girls before." She "couldn't take it anymore." Ellenwood tried to end the relationship, and Skin reacted by saying "he wanted to end his life." Skin retrieved a kitchen knife and called 911 to report he intended to kill himself.

Citations and pin cites are based on the Westlaw online version of the cited material.

Ellenwood joined the call "on speaker." The 911 operator asked Ellenwood, "Have you guys been physical with each other at all?" Ellenwood responded, "Just verbally." Law enforcement officers and firefighters arrived and noted that Ellenwood had a swollen left eye and cuts on her hands and back.

The State charged Skin with assault in the second degree and assault in the third degree, both charged as acts of domestic violence with a deadly weapon enhancement.

At trial, Ellenwood testified to the following: She did not know the women in the photos and videos. She said, "[I]it wasn't like it was—not like it was the first time, you know. We had problems before, you know." Before, relationship issues began when Ellenwood found out that Skin was texting another woman.

Ellenwood gave conflicting testimony about the timing and nature of the assault. The prosecutor asked, "[A]t some point, did he get physical with you?" and she said, "Yes." She said he stabbed and kicked her, and pulled her hair. The prosecutor asked if the physical altercation "happened prior to the 911 call," and she said, "[H]e called after all this stuff had happened." When the prosecutor asked why she told the 911 operator the fight was not physical, Ellenwood said that at that point, Skin had not hit her and they "were just arguing." Then she said that the physical assault happened before the call. She also said, "I didn't even realize that . . . I had gotten stabbed. But before, we were just . . . verbally talking to each other."

In closing argument, the prosecutor said, "I have the burden of proving Mr. Skin guilty beyond a reasonable doubt on each of the charges." He also said

that "there is a specific legal definition of what 'reasonable doubt' is and what 'beyond a reasonable doubt' is." The prosecutor said that "for doubt to be reasonable, it needs to be based on a reason, based on evidence, or based on lack of evidence," which is "distinguish[ed] from beyond all doubt." The prosecutor then gave this example of unreasonable doubt:

> When I was in college – and I won't tell you how long ago that was—I had one of these really, really old coffee machines. And all it does—there's no on/off switch. It's literally—it's one of these pots you plug into the wall and it heats water and it percolates water and makes coffee. When you're done with it, you unplug it, that's—it's simple, it's easy. I think I bought it at a garage sale for $2. Okay. One day, as I was rushing to class, I forgot to unplug it. And for, literally, the next three week[s], my room smelled of burnt coffee and I could not get rid of that smell. That incident is so strong in my mind now that no—every day I leave my home, just as I'm getting to my car or walking out the door, I have this nagging feeling: Did I turn off my coffee machine? Okay. I still have that doubt now, even though I have a completely automated coffee machine that turns itself off after, like, 30 minutes of unattendance. My doubt on whether I turned off my coffee machine is not reasonable because I don't have any reason for it. It's my personal neurosis.

Defense counsel objected to the prosecutor's statement for "[d]iminishing and misstating the burden of proof." The court overruled the objection. On rebuttal, the prosecutor reiterated the burden, "The legal standard is: Have I provided enough evidence to prove him guilty beyond a reasonable doubt?"

Also during closing argument, the prosecutor discussed Ellenwood's testimony about her relationship with Skin,

> There's clearly a lot of emotional baggage prior to this incident. You heard—Ms. Ellenwood said she finally just got sick and tired of it. It's not—here, we're going to ask you a little bit of common sense a little bit, right? Domestic violence (inaudible) isn't a one-day thing.

Defense counsel objected, citing ER 702, and saying "Facts not in evidence."

3

The trial court overruled the objection. And the prosecutor explained there were multiple prior incidents of arguments.

The jury found Skin guilty of (1) the lesser included crime of assault in the fourth degree on the assault in the second degree charge and (2) assault in the third degree. Citing double jeopardy concerns, the trial court dismissed the assault in the fourth degree count.

Skin appeals.

## II.    ANALYSIS

Skin contends the prosecutor committed prejudicial misconduct in two ways: (1) by trivializing and minimizing the State's burden of proof, and (2) asserting facts not in the record by saying, "Domestic violence (inaudible) isn't a one-day thing." He says the trial court erred in overruling Skin's objections to those statements. We conclude the court acted within its discretion.

Prosecutorial misconduct may deprive a defendant of their constitutional right to a fair trial under the Sixth and Fourteenth Amendments to the U.S. Constitution and article I, section 22 of the Washington State Constitution. In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 703–04, 286 P.3d 673 (2012). To establish misconduct, the defendant must "show that in the context of the record and all of the circumstances of the trial, the prosecutor's conduct was both improper and prejudicial." Id. at 704. As is the case here, when the defendant objects at trial, to show prejudice on appeal, they must show "a substantial likelihood that the misconduct affected the jury verdict." Id. To determine prejudice, we consider the prosecutor's comments "in the context of the total

4

argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury."  State v. Brown, 132 Wn.2d 529, 561, 940 P.2d 546 (1997).  We review a trial court's rulings on claims of prosecutorial misconduct for abuse of discretion.  State v. Wang, 5 Wn. App. 2d 12, 30, 424 P.3d 1251 (2018).

A. Coffee Machine

Skin says the prosecutor trivialized and minimized the burden of proof during closing argument by misstating the law and comparing the beyond a reasonable doubt standard "to everyday decision making."  We conclude the trial court acted within its discretion in overruling Skin's objection.  And even if it did not, Skin does not show prejudice.

The trial court's jury instructions matched WPIC 300.04.  It instructed the jury as follows:

> The lawyers' remarks, statements, and arguments are intended to help you understand the evidence and apply the law.  It is important, however, for you to remember that the lawyers' statements are not evidence.  The evidence is the testimony and the exhibits.  The law is contained in my instructions to you.  You must disregard any remark, statement, or argument that is not supported by the evidence or the law in my instructions.

It also provided the following instruction, matching WPIC 4.01:

> The defendant has entered a plea of not guilty.  That plea puts in issue every element of the crime charged.  The State is the plaintiff and has the burden of proving each element of the crime beyond a reasonable doubt.  The defendant has no burden of proving that a reasonable doubt exists.
>
> A defendant is presumed innocent.  This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.

A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence.

During closing argument, the prosecutor said, "I have the burden of proving Mr. Skin guilty beyond a reasonable doubt on each of the charges." The prosecutor elaborated that "for doubt to be reasonable, it needs to be based on a reason, based on evidence, or based on lack of evidence." The prosecutor then provided the coffee machine example. He said, "[E]ven though I have a completely automated coffee machine that turns itself off after, like, 30 minutes of unattendance [sic]. My doubt on whether I turned off my coffee machine is not reasonable because I don't have any reason for it." On rebuttal, he reiterated, "The legal standard is: Have I provided enough evidence to prove him guilty beyond a reasonable doubt?"

"A prosecuting attorney commits misconduct by misstating the law." State v. Allen, 182 Wn.2d 364, 373–74, 341 P.3d 268 (2015). "Such misstatements have 'grave potential to mislead the jury.'" In re Det. of Urlacher, 6 Wn. App. 2d 725, 746, 427 P.3d 662 (2018) (quoting State v. Davenport, 100 Wn.2d 757, 763, 675 P.2d 1213 (1984)). "Statements as to the law in closing argument are to be confined to the law set forth in the instructions." Id. at 746–47.

"Due process requires that the State bear the burden of proving every element of the crime beyond a reasonable doubt." State v. Warren, 165 Wn.2d 17, 26, 195 P.3d 940 (2008). In State v. Lindsay, 180 Wn.2d 423, 436, 326 P.3d 125 (2014), our Supreme Court determined that certain analogies to everyday experiences trivialize the State's burden of proof and are improper. There, in

6

closing, the prosecutor said that, beyond a reasonable doubt, a pedestrian can walk confidently across the street when they have the walk sign, make eye contact with the driver in an approaching car, and the driver nods. Id. The Supreme Court determined that the prosecutor's comparison "'improperly minimizes and trivializes the gravity of the standard and the jury's role.'" Id. at 436 (quoting State v. Lindsay, 171 Wn. App. 808, 828, 288 P.3d 641 (2012)).

Relying on Lindsay, Skin says the coffee machine example involved everyday decision making like crossing the street, so the prosecutor improperly minimized and trivialized the State's burden of proof. But Lindsay is readily distinguishable. There, the prosecutor compared an example of "everyday decision making"—i.e., to cross a crosswalk—to the jury's decision that the State has proved the defendant committed the crime beyond a reasonable doubt. By contrast, here, the prosecutor focused on explaining what would make a doubt unreasonable, and provided an example of a doubt not grounded in fact. His statements neither trivialized nor minimized the burden of proof and did not amount to misconduct. The trial court acted within its discretion in overruling the objection.

Assuming the trial court abused its discretion, Skin does not establish prejudice. As discussed above, we consider the prosecutor's comments "in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury." Brown, 132 Wn.2d at 561.

Skin contends that the prosecutor's coffee machine example was prejudicial because it implied that the jury's reasons to doubt were unreasonable.

7

He says the jury could have doubted Ellenwood's story because she provided inconsistent testimony about when the argument became physical. And he says the jury could have doubted Ellenwood's credibility because she has a criminal history of theft, which is a crime of dishonesty. But the coffee machine example explained the concept of a doubt not grounded in fact. We cannot see how it could have prevented the jury from weighing the inconsistencies in Ellenwood's testimony or from assessing her credibility based on her criminal history.

Also, there was significant evidence in addition to Ellenwood's testimony that Skin assaulted her. For example, a responding officer and firefighter testified to finding Ellenwood with swelling and cuts. And during the 911 call, Skin had a knife and threatened to kill himself. Defense counsel acknowledged in closing that, during the call, Skin's "emotions are clearly up and down. He's in a moment of crisis."

Additionally, during closing argument, the prosecutor acknowledged the State's burden to prove the crimes beyond a reasonable doubt. The trial court properly instructed the jury on the burden. Those instructions explained that "[t]he lawyers' remarks, statements, and arguments are intended to help you understand the evidence and apply the law," and that "[t]he law is contained in my instructions to you. You must disregard any remark, statement, or argument that is not supported by the evidence or the law in my instructions." We presume juries follow instructions. State v. Kirkman, 159 Wn.2d 918, 928, 155 P.3d 125 (2007). So even if the prosecutor misstated the law, Skin has not shown a substantial likelihood that misconduct affected the jury verdict.

8

B. "[O]ne-day thing"

Skin says the prosecutor improperly referenced facts not in evidence by suggesting in closing argument that Skin had previously assaulted Ellenwood. We conclude the trial court did not abuse its discretion in overruling Skin's objection. And even if it did, Skin does not show prejudice.

During closing, the prosecutor discussed Ellenwood's conflicting testimony about her injuries. Then the prosecutor sought to explain the incident in the context of the relationship between Skin and Ellenwood, saying,

> There's clearly a lot of *emotional baggage prior to this incident.* You heard—Ms. Ellenwood said she *finally just got sick and tired of it.* It's not—here, we're going to ask you a little bit of common sense a little bit, right? *Domestic violence (inaudible) isn't a one-day thing.*

(Emphasis added.) After the trial court overruled Skin's objection, the prosecutor said Skin and Ellenwood had arguments prior to the incident.

"A prosecutor commits misconduct by encouraging the jury to decide a case based on evidence outside the record." State v. Teas, 10 Wn. App. 2d 111, 128, 447 P.3d 606 (2019), review denied, 195 Wn.2d 1008, 460 P.3d 182 (2020). But "a prosecutor has wide latitude to argue reasonable inferences from the evidence." Glasmann, 175 Wn.2d at 704. A prosecutor also commits misconduct when they "appeal[] to the jury's passion and prejudice and encourage[] the jury to base the verdict on the improper argument." Id. at 711.

Skin contends the prosecutor's statement was improper because there was no evidence that Skin previously assaulted Ellenwood. The State responds that, looking at its statement in the context of the record and trial, the

9

prosecutor's "one-day thing" statement referenced Skin and Ellenwood's history of relationship issues. We agree. The prosecutor did not reference other assaults, nor did he encourage the jury to decide the case based on evidence of other assaults. Instead, the prosecutor emphasized that Skin and Ellenwood had arguments leading up to the alleged crime.

Even assuming the trial court abused its discretion in overruling Skin's objection, he does not show prejudice. As discussed above, we consider the prosecutor's comments "in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury." Brown, 132 Wn.2d at 561.

Here, as discussed above, the prosecutor made the "one-day thing" statement while explaining Ellenwood and Skin's previous arguments and "emotional baggage." Also, as discussed above, there was significant evidence that Skin assaulted Ellenwood.[1]

---

[1] Skin also says the prosecutor's statement that domestic violence is not a "one-day thing" prejudiced him because the statement was inflammatory and likely to invoke an emotional response. A prosecutor commits misconduct when they "appeal[] to the jury's passion and prejudice and encourage[] the jury to base the verdict on the improper argument." Glasmann, 175 Wn.2d at 711. But as discussed above, this statement was made in the context of explaining the history of Skin's relationship with Ellenwood. And Skin does not show how it appealed to the jury's passion and prejudice.

Skin also says the statement was prejudicial because it bolstered Ellenwood's credibility and "allowed the jury to improperly infer Mr. Skin was a repetitive [abuser] with a propensity for assaulting Ms. Ellenwood." But again, the prosecutor was explaining the history of the relationship. And we cannot see how it could have prevented the jury from weighing the inconsistencies in Ellenwood's testimony or from assessing her credibility based on her criminal history.

Skin says that when the court overruled his objection, it gave the prosecutor's statement an aura of legitimacy. But the trial court instructed the jury as follows:

> You may have heard objections made by the lawyers during trial. Each party has the right to object to questions asked by another lawyer, and may have a duty to do so. These objections should not influence you. Do not make any assumptions or draw any conclusions based on a lawyer's objections.

We presume juries follow instructions and Skin has not shown otherwise here.

Skin has not shown a substantial likelihood that any misconduct affected the jury verdict and thus has not established prejudice.

We affirm.

_Chun, J._

WE CONCUR:

_Andrus, A.C.J._

11